## J. A. WILLIAMSON AND JAMES CULLUM *v.* G. L. DOLSEN & SON.

In contracts of affreightment which do not stipulate a time for delivery, the merchant or shipper is entitled to a reasonable time, after the ship or other vessel is ready to receive on board the goods, to make a delivery of the same; and he is entitled to this delay, whether the contract of affreightment be by charter party or for the conveyance of goods in a general ship, or other vessel.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
Simonds & Fenner, for plaintiffs. Durant & Hornor, for defendants and appellants.

LAND, J. The opinion of the District Judge in this case is as follows:

"Plaintiffs claim of defendants $350 for a violation of a contract of affreightment of one thousand sacks of salt to Cincinnati. The defendants reconvened, and claim that plaintiffs did not perform their contract, and by reason of their failure so to do, they have sustained damage in the sum of seventy dollars. The evidence shows that plaintiffs, in accordance with their contract, called for the salt, but the same was not ready for delivery, because of the salt-warehouseman not having been notified to turn out the salt for delivery. The defendants contend, that it was plaintiffs' duty to notify the warehouseman, and if the salt was not ready for delivery, it was plaintiffs' fault, whereas plaintiffs aver that it was defendants' duty.

"I think, under the evidence, that it was the duty of defendants to notify the warehouseman to turn out the salt. The place of delivery of salt to steamboats is on the wharf, and not from the warehouse, which is often, as in this case, far removed from the wharf. And when the defendants made the contract with the plaintiffs, it was their duty to have had the salt ready for delivery to the boat,

at the usual and ordinary place for such delivery, and if the salt had been on the wharf ready to be delivered, and plaintiffs had failed to take the same in accordance with their agreement, they would have been liable to defendants in damages. The converse of the proposition is equally true, and it, therefore, follows, that the defendants, who have failed to comply with their contract, are liable to plaintiffs in the sum claimed, with interest."

We have no jurisdiction of the defendants' reconventional demand, and can only consider plaintiffs' claim.

It appears from the evidence in this case, that when the boat landed for the salt, no notice had been given to the warehouseman to turn it out for delivery—but that the warehouseman offered the captain every facility to get the salt, and proposed to pay him the difference between taking the salt from the warehouse and from wharf; and that the salt could have been carried from the warehouse to the boat in one and a half or two hours; but these offers were refused.

It does not appear, on the other hand, that the captain had refused any other freight, in consequence of his contract with the defendants; nor that a delay of one and a half or two hours would have interfered with or defeated any business arrangements of the master for that trip; nor that the delay in itself would have been unreasonable, under the circumstances. The evidence shows that the boat was very lightly laded, so much so, that the buckets of the wheels had to be lowered soon after leaving this port.

We understand, that when the master intends to insist on his contract, and the shipper is willing to comply on his part, that the master is bound to wait a reasonable length of time to enable the shipper to make a delivery of the freight; and that if the circumstances of the case evince an indisposition on the part of the master to carry the goods at the stipulated price, that such indisposition is a tacit abandonment of the contract. The offer of the warehouseman to pay the master the difference between taking the salt from the warehouse and from the wharf, was an offer of full indemnity, and the master's refusal clearly evinced an indisposition on his part to carry the salt at the stipulated price, and he is, therefore, held to have abandoned tacitly his contract with the defendants, which precludes him from recovering damages in this case.

It is, therefore, ordered, adjudged and decreed, that the judgment on the demand of the plaintiffs be reversed. And it is now ordered, adjudged and decreed, that there be judgment on said demand, in favor of the defendants, with costs in both courts.

MERRICK, C. J. I concur, on the ground that reasonable notice was not given at the warehouse, for the delivery of the salt on the wharf.

---

## SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

LAND, J. The plaintiff has sued for freight on goods which he never carried, and consequently for a debt for which he admits the defendants never received any consideration. His case, therefore, is without any equities to sustain it, and if maintained at all, it must be on full proof of his demand, and on strict legal principles.

When the plaintiff made the contract of affreightment with the defendants

WILLIAMSON, he was aware that the salt was in a warehouse, and received from the defendants
v.
DOLSEN. an order on the warehouseman for its delivery to him.   The conduct of the plaintiff, after the arrival of his boat at the wharf, for the purpose of taking the salt on board, was of such a character, as to induce us to say that, under the circumstances, it evinced a clear indisposition on his part to carry the salt at the stipulated price.   And a further consideration of the case, has satisfied us that his conduct was not merely a tacit abandonment of the contract on his part, but was an active violation of it, because, under the contract as shown by the pleadings and the evidence, no time had been stipulated within which the defendants obligated themselves to make a delivery of the salt.

In contracts of affreightment, which do not stipulate a time for the delivery, the merchant or shipper is entitled to a reasonable time, after the ship or other vessel is ready to receive on board the goods, to make a delivery of the same ; and he is entitled to this delay, whether the contract of affreightment be by charter-party, or for the conveyance of goods in a general ship or other vessel.   Smith's Mercantile Law, 380, 389.   And as the plaintiff, under his contract, was bound to wait a reasonable time for the delivery of the salt after the arrival of his boat at the wharf, and as he failed so to do, as shown by the evidence, we adhere to the opinion, that he has no right of action against the defendant for the recovery of damages.

In the case of *Holly et al.* v. *Kennett & Co.*, in Opinion Book, No. 26, p. 303, which is supposed to be contrary to the decision in this case, the contract of affreightment stipulated a specific time within which the delivery was to be made, and non-performance on the part of the defendant appears to have been conceded, and his consequent liability not contested.

The plaintiff, however, has sought to supply the want of a stipulation as to time in his contract, by the proof of a custom which he contends bound the defendants to give notice to the warehouseman to turn out the salt on the wharf for delivery, before the arrival of his boat on the day of her departure.   The evidence which he offered is insufficient to establish any such custom in the sense of Article 3 of the Civil Code, which declares that customs result from a long series of actions constantly repeated, which have, by such repetitions, and by uninterrupted acquiescence, acquired the force of a tacit and common consent.   The testimony of the warehouseman disproves the existence of the custom contended for. His language is : "The warehousekeepers receive orders for the delivery of goods from boats and merchants, but more frequently from the merchants."

As the plaintiff had contracted for the carriage of the salt with a knowledge that it was in the warehouse, and had obtained from the defendants an order on the warehouseman for its delivery to him, the Chief Justice was opinion that the duty of giving notice to the warehouseman devolved upon the plaintiff, and based his concurrence on this special ground.

Re-hearing refused.